# ATTACHMENT

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-01925 (RGK) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *INDYMAC BANCORP, INC. v. THE FEDERAL DEPOSIT INSURANCE CORPORATION* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order re: Appeal from Denial of Motion for Intervention

## I. INTRODUCTION

The Federal Deposit Insurance Corporation ("FDIC") appeals the bankruptcy court's denial of its Motion to Intervene in an adversary proceeding between the trustee of the Bancorp Holding Company ("Bancorp") and the officers and directors of Bancorp (collectively referred to here as "Directors"). For the reasons offered below, the Court **REVERSES** the denial of the Motion to Intervene.

## II. JURISDICTIONAL BASIS

This Court has jurisdiction to review the decision of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).

## III. FACTUAL BACKGROUND

Bancorp was the sole holding company for the Indymac Bank ("Bank"). Bancorp did not own any other bank other than Bank. On July 11, 2008, the Office of Thrift Supervision closed Bank and appointed FDIC as its receiver. On the same day, Bancorp filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. Alfred Siegel is appointed the trustee ("Trustee") of Bancorp. At all relevant times, Directors served as directors and officers of both Bancorp and Bank.

The matter before this Court arises out of Bancorp's bankruptcy proceeding. In that proceeding, Directors filed a claim for unpaid wages, attorneys fees, and other costs against Bancorp. Trustee, in turn, argued that Directors, in their capacity as the directors of Bancorp, breached their fiduciary duty to Bancorp.

FDIC argues that some of Trustee's claims against Directors belong to FDIC as receiver of Bank, and not to Trustee, as receiver of Bancorp. What complicates the matter is that Directors are both in charge of running Bank and Bancorp. So it has become a point of contention between the parties as to what the alleged facts really mean, and whether they point to breach of Director's duty to Bank or Bancorp. Therefore, the Court will briefly outline the allegations in Trustee's Complaint in order to properly set the background.

Trustee's Complaint in the adversary proceeding sets forth multiple theories for how Directors breached their fiduciary duty. At least one theory appears to clearly distinguish between Bank and Bancorp. That theory is that Directors transferred money from Bancorp to Bank after if had become clear that Bank was going to fail. Trustee argues that Directors should have known that Bank would fail even with Bancorp's financial aid, and in that light, they owed a fiduciary duty to Bancorp to let Bank fail sooner rather than later and not waste Bancorp's money.

The rest of the allegations could arguably be read to implicate Directors' duty to either Bank or Bancorp. One such theory is that Directors mismanaged Bancorp. But that allegations seems to be in part based on mismanagement of Bank and the indirect harm that Bank's failure caused to Bancorp. For example, Trustee alleges that Directors failed to notice the red flags in the balance sheets (presumably, Bank's balance sheets, since Bank is most if not all of what Bancorp owns). Similarly, Trustee also alleges that Directors failed to raise enough money for Bank to keep it from failing, and that as a consequence, Bancorp was harmed as well.[1]

Throughout this case, FDIC took the position that it is entitled to party status in the case because it has the minimum required interest in the adversary proceeding. FDIC argues that whatever harm Directors caused to Bancorp (including the downstream money transfers from Bancorp to Bank) principally damaged Bank and only incidentally Bancorp. Trustee, of course, takes the view that Directors can be simultaneously, nonetheless independently, held liable for breach of their fiduciary duty to Bancorp and Bank.

The bankruptcy court denied FDIC's Motion to Intervene. The denial order does not set forth the grounds for denial. Notwithstanding denial of intervention, however, the bankruptcy court allowed FDIC to brief the issue of standing. By "standing," the parties and bankruptcy court denote FDIC's rights and interest in Trustee's claims. In other words, although FDIC was not made party to the case, it was allowed to object to Trustee's claims on the ground that FDIC and not Trustee owns such claims.

Unsatisfied with this limited role, FDIC appealed the bankruptcy court's denial of intervention order to this Court. FDIC argues that the bankruptcy court erred when it refused to give FDIC party status, in part because the denial of party status deprives FDIC of the right to appeal the bankruptcy court's rulings. FDIC also insists that all Trustee's claims against Directors belong to FDIC.

After this Appeal was filed, the bankruptcy court heard a Motion to Dismiss, filed jointly by FDIC and Directors, to dismiss Trustee's claims in the adversary proceedings. Apparently, FDIC was allowed to join the Motion to Dismiss because the subject matter was whether Trustee (as opposed to FDIC) had any legal rights to what was claimed in the adversary proceeding.

---

[1] For example, Trustee alleges: "Despite the fact that Defendants all were or should have been aware that the *Bank* needed to raise massive amounts of capital in order to survive, the Director Defendants breached their duties to Bancorp by failing to adequately oversee and provide direction over management's meager efforts to raise capital." (Trustee's Compl.¶ 50, available at Doc. No. 20, Ex. 2, at 17-18.)(emphasis added).

The bankruptcy court granted in part and denied in part the Motion to Dismiss. Again, the order does not include the court's reasoning. But it seems to limit Trustee's claims significantly for it holds that only the downstream money transfers from Bancorp to Bank can be included in Trustee's "Prayer for Relief." In other words, it appears that the bankruptcy court has already held that the adversary claims, except those based on the downstream money transfers, do not belong to Trustee as a matter of law.

### IV.    QUESTION PRESENTED

Whether the bankruptcy court erred when it denied FDIC's Motion to Intervene, even though it allowed FDIC to take part in the adversary proceeding in a limited way, i.e., to brief the bankruptcy court on whether Trustee had standing to lay claims in the adversary proceedings.

### V.    STANDARD OF REVIEW

This Court must review the bankruptcy court's denial of Motion for Intervention de novo. *United States v. Stringfellow*, 783 F.2d 821, 825 (9th Cir. 1986).

### VI.    DISCUSSION

Intervention as of right in bankruptcy adversary proceedings is governed by Rule 24 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. § 7024. Rule 24 provides the movant must be permitted to intervene if it

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has parsed the words of the statute into a four part test: 1) motion must be timely; 2) the movant must assert an interest relating to the property or transaction subject to the bankruptcy proceeding; 3) denial of intervention will practically impede the movant's ability to protect its interest; 4) the movant's interest is not protected by the existing parties. *United States ex rel. McGough v. Covington Tech.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

Here, timeliness is not at issue. So it remains to evaluate whether the other three factors are satisfied. The Court finds that they are, and so it reverses the bankruptcy court's denial of FDIC's Motion for Intervention.

First, FDIC has an interest related to the claims in the adversary proceedings. The Ninth Circuit has provided that the related interest prong is satisfied if 1) the movant has a legally protected interested under some law, and 2) there is a relationship between the movant's interest and the claims in the adversary proceeding. *United State v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002). Here, at least some of the claims in the Complaint seem to implicate FDIC's interests. For example, that Directors failed to raise enough money for Bank[2] is an allegation that may implicate Directors' management of Bank in addition to their duty to Bancorp. Indeed, after this Appeal was field, the bankruptcy court dismissed many of Trustee's claims (by way of excluding any remedy sought based on those claims). It is likely that those claims were dismissed simply because they belonged to FDIC and not Trustee. Therefore, at the time this Appeal was taken, FDIC had an interest relevant to the adversary

---

[2] *See supra* note 1.

proceedings.

The second disputed factor is also satisfied. The unique procedural posture that this case presents reveals the need to make FDIC party to the adversary proceeding. Although FDIC has not been made party, it was allowed to join a Motion to Dismiss to argue that some of the claims do not belong to Trustee. Yet if FDIC is not made party, it will not have the right to appeal the bankruptcy court's decision on the Motion to Dismiss.[3] That will effectively lead to a peculiar procedural problem, one in which FDIC plays the role of an amicus with some interest in the case but without appellate rights. Indeed, the problem has already surfaced on this Appeal, where Trustee tacitly suggests that the bankruptcy court's ruling on the Motion to Dismiss adequately addressed FDIC's alleged interest in the case.[4] If this Court were to reach that matter, however, it would improperly convert the Appeal from the ruling on the Motion for Intervention to a substantive review of the ruling on the Motion to Dismiss (which was decided after this Appeal was filed and may present issues that have not been briefed). Not being party to this case closes the door to FDIC, at least by keeping it from seeking review of the bankruptcy court's order regarding the Motion to Dismiss. It hence deprives FDIC from the ability to protect the very interest that the bankruptcy court has already recognized, no matter how limited that interest may be. The second disputed factor is satisfied.

The third disputed factor, whether FDIC's interest is already protected in the adversary proceeding, also comes out in FDIC's favor. Although both FDIC and Directors prefer that Trustee's claims be dismissed, their interests are not completely aligned. Directors want no liability in the case. FDIC wants to establish that Directors are liable, but not to Trustee. As potential adversaries, FDIC and Directors are not interchangeable parties. Also, some of the claims against Directors may implicate both Trustee's and FDIC's interest. In that case, Directors may strike a deal with Trustee in the absence of FDIC and settle. FDIC's interest will be left unprotected, however. Because FDIC's interests are not fully aligned with Direcotrs', the third disputed factor is also established.

## VII. <u>CONCLUSION</u>

For the reasons set forth above, the bankruptcy court's denial of FDIC's Motion for Intervention as of Right is **REVERSED**. This Order shall only have the effect of making FDIC party to the adversary proceeding in order to provide it with the right to appeal the bankruptcy court's decisions, including the ruling on FDIC's Motion to Dismiss—should the bankruptcy court see fit to leave that ruling intact. This Order shall not interpret, affect, or modify the bankruptcy court's ruling on FDIC's Motion to Dismiss. Similarly, this Order shall not define or clarify what rights FDIC has in the adversary proceedings, except that it holds that at the time of filing the Motion for Intervention, FDIC had the right to be party to the adversary proceeding.

**IT IS SO ORDERED.**

Initials of Preparer    slw

---

[3] This Court is not aware of, and the parties have not pointed out, a procedure through which FDIC may appeal the bankruptcy court's ruling on a motion that it was allowed to join notwithstanding the denial of the Motion for Intervention, i.e., without having party status.

[4] *See Appellee's Reply Brief,* 1:15-2:2.